IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FAYE ROBIN TOULAN | : |
| | : |
| v. | : CIVIL NO. CCB-05-2254 |
| | : |
| DAP PRODUCTS, INC. | : |

...o0o...

**MEMORANDUM**

I have reviewed both the court file and my chambers file in order to resolve DAP's motion to clarify the record on appeal. My findings follow.

The parties now appear to be in agreement that the documents referred to by plaintiff as "B-16, B-17, and B-18" (JA 1041-76) were not filed with the court in connection with the plaintiff's opposition (docket entry no. 48) to the defendant's motion for summary judgment. Neither the envelope in the court file containing the sealed exhibits nor my chambers file contains copies of any document labeled B-16, B-17, or B-18, and I did not consider or refer to any such documents in my ruling granting summary judgment.[1]

Plaintiff's counsel asserts that documents JA 968-98, which relate to Felicia Levine, were contained in Exhibit B-15. While there is an Exhibit B-15 in the sealed envelope (docket entry no. 55) in the court file, it does not contain the Levine exhibits. I have reviewed my chambers file, however, and the paper copy of Exhibit B-15 attached to my courtesy copy of the plaintiff's opposition does contain the disputed pages related to Felicia Levine. The paper copy was received in my chambers August 9, 2006, and apparently corresponds to the filing made August 7, 2006 by plaintiff (docket entry no. 48) without sealing the exhibits. It appears that when the

---

[1] I wrote the opinion in this case; any reference to Judge Bennett in the docket is erroneous.

plaintiff resubmitted her exhibits under seal (docket entry no. 55), that copy of Exhibit B-15 omitted the pages relating to Felicia Levine and, according to defense counsel, their service copy of the plaintiff's opposition also omitted the Levine documents.

I understand from the clerk's office that, for a number of months, both the initial copy of exhibits that should have been filed under seal but was not, and the second copy of exhibits that was submitted under seal, were in the court file.[2]  On April 4, 2007, however, pursuant to my order of August 10, 2006, plaintiff's counsel requested and was given back the initial copy of the exhibits, submitted with docket entry no. 48, which may have contained the Levine exhibits.

In summary, I conclude that the Levine exhibits were submitted to the court and were before me in connection with the summary judgment motion but, presumably through inadvertence, were not served on defense counsel nor included in the second copy of exhibits submitted under seal which is currently maintained in the court file as sealed docket entry no. 55 in support of the plaintiff's opposition.

A separate Order follows.

  October 5, 2007                                               /s/
        Date                                                    Catherine C. Blake
                                                               United States District Judge

---

[2] The initial copy was placed into a sealed envelope (docket entry no. 48) after the failure to submit them under seal was noticed.